IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN D. STEWART,

Plaintiff,

v.

MELISSA BLOCK, DENISE VALERIUS, LUCINDA BUCHANAN, MARIROSE HOWELL, APRIL COEY, and JEANIE KRAMER,

Defendants.

OPINION and ORDER

25-cv-148-jdp

---

Plaintiff Steven Stewart, proceeding without counsel, is currently incarcerated at John C. Burke Correctional Center, but this case arises from events that happened in 2020 and 2021, when he was incarcerated at Columbia Correctional Institution (CCI). Stewart alleges that CCI staff members refused to give him catheter supplies to treat his neurogenic bladder condition. I allowed Stewart to proceed on Eighth Amendment claims under 42 U.S.C. § 1983 and on state-law negligence claims against each of the defendants.

Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), contending that Stewart's claims are barred by the three-year statute of limitations applicable to § 1983 claims in Wisconsin. Dkt. 16. Stewart acknowledges that he filed this lawsuit more than four years after the events alleged in the complaint. But he argues that his claims are not time-barred, because he previously filed another complaint about these events, because his bladder condition started before the statute of limitations was reduced from six to three years, because the COVID-19 pandemic affected prisoner access to the courts, and because he has multiple mental health conditions. None of these is a valid reason to find

Stewart's complaint timely. The court will grant defendants' motion and dismiss Stewart's claims as barred by the statute of limitations.

## ANALYSIS

Defendants move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), contending that Stewart filed his complaint outside of the applicable statute of limitations period. I review Rule 12(c) motions under the same standard as motions to dismiss for failure to state a claim under Rule 12(b)(6). *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). That means that I must accept plaintiff's factual allegations as true, granting defendants' motion only if "it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

In this case, defendants' Rule 12(c) motion is based on the statute of limitations, which is an affirmative defense. A plaintiff does not need to anticipate affirmative defenses in his complaint, so I can dismiss a plaintiff's claims based on an affirmative defense at the pleading stage only if the plaintiff has pleaded himself out of court; in other words, he has alleged facts showing that defendants must necessarily prevail on the affirmative defense. *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 664–65 (7th Cir. 2011). That's what defendants say that Stewart has done here.

Stewart brings Eighth Amendment medical care claims against the defendants under 42 U.S.C. § 1983. To determine the proper statute of limitations for § 1983 actions, federal courts must adopt the forum state's statute of limitations for personal injury claims, *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Wisconsin, the statute of limitations for

personal injury claims is three years. Wis. Stat. § 893.53. The three-year limitations period runs from when the claim accrues, which for Stewart's claims, is when defendants violated his rights by refusing to provide him with adequate medical care. *See Heard v. Sheehan*, 253 F.3d 316, 318 (7th Cir. 2001).

Defendants' statute of limitations argument is straightforward. Stewart alleges in his complaint that defendants failed to give him catheter supplies in January 2020 and then again between September 2020 and February 2021. Dkt. 1. That alleged violation of his rights ended at the latest on February 16, 2021, because Stewart says that on that date, health services staff catheterized him and continued to do so for the next three months. *Id.* ¶ 11. Defendants acknowledge that the limitations period may have been tolled while Stewart was exhausting his administrative remedies within the prison system. *See Schlemm v. Pizzala*, 94 F.4th 688, 689 (7th Cir. 2024); Wis. Stat. § 893.23. But records that Stewart submitted with his complaint show that he filed an inmate complaint about the catheter issue on February 18, 2021, which was affirmed on appeal on June 14, 2021. Dkt. 1-4. Stewart filed this lawsuit in February 2025, so even assuming that the limitations period was tolled while he exhausted his administrative remedies, the suit would be untimely by more than six months.

Stewart does not dispute any of this in his opposition brief, Dkt. 20, or in his surreply, Dkt. 22.[1] Instead, he provides four other reasons why he believes that his complaint is timely.

First, Stewart points out that in September 2021, he filed an almost identical case about defendants' failure to provide him with catheter supplies, which was closed before screening

[1] Stewart did not request leave to file a surreply, so defendants moved to strike it. Dkt. 23. In response, Stewart filed a belated motion for leave to file a surreply. Dkt. 24. The surreply mostly repeats the arguments that Stewart made in his opposition brief, but the court will consider it. The motion for leave will be granted and the motion to strike will be denied.

because Stewart didn't pay the filing fee. *See Stewart v. Block*, case no. 21-cv-558-jdp. But Stewart doesn't explain why the '558 case affects the statute of limitations analysis for this case, and I see no reason why it would. Stewart has not moved to reopen the '558 case, and if he had, I would deny that motion because far too much time has passed. *See Farr v. Illinois Dep't of Corr.*, No. 21-1068, 2022 WL 1011667 (7th Cir. Apr. 5, 2022) (district court did not abuse its discretion when it declined to reopen a case more than a year after it was closed for plaintiff's failure to pay the filing fee). All that matters here is whether Stewart's current lawsuit is untimely. Stewart's previous lawsuit is irrelevant.

Second, Stewart contends that the relevant statute of limitations is six years, not three, because his neurogenic bladder condition predates 2018, when the Wisconsin legislature reduced the statute of limitations for personal injury actions from six to three years. *See* 2017 Wis. Act 235, § 26 (effective April 5, 2018). But the relevant date is not when Stewart's neurogenic bladder condition started, but when defendants failed to provide him with adequate care for that condition. *See Soto v. Staneic*, No. 24-cv-380-jdp, 2025 WL 1344756, at *2 (W.D. Wis. May 8, 2025); *Wand v. Dep't of Corr.*, No. 24-cv-537-wmc, 2025 WL 26720, at *3 (W.D. Wis. Jan. 3, 2025). That was in 2020 and 2021 according to the complaint, so the three-year statute of limitations applies.

Third, Stewart contends that his untimely filing should be excused because of the COVID-19 pandemic. Stewart says that he contracted COVID-19 in November 2020, got severely ill, and is still suffering aftereffects today. Dkt. 20, at 6. He also says that the pandemic impeded prisoner litigation because "the court system stopped" and the "Department of Corrections suspended all legal operations." *Id.* at 2.

Stewart doesn't explain the legal basis for his COVID-19 argument, but I take him to be arguing that equitable tolling should apply. "Equitable tolling permits a plaintiff to avoid the bar of the statute of limitations if despite the exercise of all due diligence he is unable to obtain vital information bearing on the existence of his claim." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). In Wisconsin, equitable tolling is available only sparingly, when a plaintiff's failure to meet a deadline is out of his control despite his due diligence. *See Henderson v. Jess*, No. 18-cv-680-jdp, 2021 WL 1080269, at *9 (W.D. Wis. Mar. 19, 2021). For example, Wisconsin courts have tolled filing deadlines for prisoners whose documents are delayed solely because of prison authorities' failure to promptly mail or forward them. *State ex rel. Nichols v. Litscher*, 2001 WI 119, ¶¶ 20–26, 247 Wis. 2d 1013, 635 N.W.2d 292.

Stewart's assertion that the COVID-19 pandemic entitles him to equitable tolling doesn't hold water. Stewart says that he became seriously ill with COVID-19 in November 2020, but that was before some of his claims even accrued, and his illness did not prevent him from completing the administrative remedies process or from filing the '558 case in this court in September 2021. And as for Stewart's assertion that COVID-19 shut down the courts and prison legal operations, I can take judicial notice that hundreds of prisoner complaints were filed in this court during the pandemic, including Stewart's own complaint in the '558 case. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (district court may take judicial notice of public court filings, even at the pleading stage). COVID-19 may have made some litigation activity more difficult for prisoner plaintiffs like Stewart, but there is no reason to think that the pandemic prevented Stewart from filing within the limitations period despite his due diligence.

Fourth, Stewart argues that Wis. Stat. § 893.16(1) entitles him to additional time to file his lawsuit. Section 893.16(1) states that statutes of limitations may be extended by up to five years if a plaintiff is mentally ill when his claims accrue. *Id.* "Mental illness" is not defined in the statute, but the Wisconsin Supreme Court has interpreted it to mean that a plaintiff is "functionally unable to understand or appreciate the situation giving rise to the legal claim" or "functionally unable to understand legal rights and appreciate the need to assert them." *Storm v. Legion Ins. Co.*, 2003 WI 120, ¶ 46, 265 Wis. 2d 169, 665 N.W.2d 353.

Stewart says that § 893.16(1) applies to him because he suffers from multiple mental health conditions, including PTSD, depression, and hallucinations caused by long-term segregated confinement. Dkt. 20, at 3. But Stewart doesn't say that these conditions affect his ability to understand what happened to him or to understand and assert his legal rights. On the contrary, it is apparent from the pleadings and from judicially noticeable information that Stewart understands both those things. The prison records attached to the complaint show that Stewart promptly filed an inmate complaint about the catheter issues and diligently pursued his administrative appeals. Dkt.1-4. Stewart also filed the '558 case in this court in September 2021. That case was ultimately closed because Stewart didn't pay the filing fee, but the complaint in that case nevertheless shows that Stewart understood what had happened to him and was able to articulate a coherent theory for why it had violated his legal rights. Stewart has amply demonstrated his ability to understand and assert his legal rights despite his mental conditions, so there is no reason to extend the statute of limitations under § 893.16(1).

In his briefs, Stewart cites *Huber v. Anderson*, 909 F.3d 201 (7th Cir. 2018), for the proposition that old claims are not necessarily untimely. *Huber* is not instructive: that case concerned an unlawful custody claim that had been barred by *Heck v. Humphrey*, 512 U.S. 477

(1994), for more than a decade after the period of unlawful custody occurred. *Huber*, 909 F.3d at 207. The court concluded that the plaintiff's claims were timely because they didn't accrue until the plaintiff's *Heck* bar ended. *Id.* But this is a medical care case, not an unlawful custody case. *Heck* has no bearing on this case, and neither does *Huber*.

It is apparent from the allegations in the complaint that Stewart's federal claims are time-barred, so I will grant defendants' motion for judgment on the pleadings on those claims. Neither side addresses Stewart's state-law claims in their briefs, but those claims are also subject to a three-year statute of limitations, so there is no reason to think that the result would be different. Wis. Stat. 893.54(1) (general negligence); Wis. Stat. 893.55(1m) (medical malpractice). I will grant defendants' motion for judgment on the pleadings and dismiss all of Stewart's claims with prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for leave to file a surreply, Dkt. 24, is GRANTED. Defendants' motion to strike the surreply, Dkt. 23, is DENIED.

2. Defendant's motion for judgment on the pleadings, Dkt. 15, is GRANTED. Plaintiff's claims are DISMISSED with prejudice.

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered October 16, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge